560 So.2d 386 (1990)
Shaun Delonte MINICK, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2266.
District Court of Appeal of Florida, Third District.
May 1, 1990.
*387 Bennett H. Brummer, Public Defender, and N. Joseph Durant, Jr., Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before BASKIN, FERGUSON and GERSTEN, JJ.
PER CURIAM.
Appellant, Shaun Delonte Minick, appeals his conviction and sentence for second degree murder with a firearm. Appellant contends that admitted testimony, concerning appellant's previous purchase of drugs from the eyewitness to the murder, constituted fundamental error, thus depriving him of a fair trial. We affirm.
Appellee, State, asserts that this testimony showed that the appellant was familiar with the neighborhood, having previously purchased cocaine there from the witness, and that the victim had stolen a VCR from appellant. Therefore, the State contends, the testimony was probative and relevant to demonstrate the appellant's knowledge of the area and his motive for the murder.
The test for admissibility of evidence of collateral crimes is relevancy. Heiney v. State, 447 So.2d 210 (Fla. 1984). Evidence of other crimes is relevant if it casts light on the character of the crime for which the accused is being prosecuted, such as when it shows either motive, intent, absence of mistake, or identity. Ruffin v. State, 397 So.2d 277 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 368, 70 L.Ed.2d 194 (1981) (citing Williams v. State, 110 So.2d 654 (Fla. 1959)).
Further, because the evidence against appellant was overwhelming, any error in allowing the eyewitness to testify to prior dealings with appellant was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Affirmed.