603 So.2d 36 (1992)
Marco Antonio NORDELO, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1163.
District Court of Appeal of Florida, Third District.
July 21, 1992.
*37 Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Jacqueline M. Valdespino, Asst. Atty. Gen., for appellee.
Before BASKIN, JORGENSON and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Marco Antonio Nordelo (Nordelo), appeals his convictions on two counts of armed robbery. We affirm in part and reverse in part.
The salient facts can be briefly stated: The victim, a convenience store clerk, recognized Nordelo as a customer from the previous day. Nordelo committed this armed robbery by first taking money from the cash register, then the victim was pusillanimously beaten, and then the victim's wallet was taken. Nordelo fled the scene in a white car. A month later, the victim identified Nordelo in a photo display.
Pursuant to the Williams Rule, the appellee filed its "notice of intent to rely on evidence of other crimes, wrongs, or acts ... to prove material facts in issue, including ... identity." At trial, appellee called a police officer who testified:
Q. Officer, I want you to take a look at this man's face. Do you recognize him?
A. Yes I do.
Q. How do you recognize him?
A. I was involved in an arrest with him a while back.
Nordelo's counsel objected and the trial court overruled the objection. The testimony continued:
Q. Describe how you recognize this person, what had happened?
A. I was involved in a traffic car chase with him.
Q. And how many people were in that car?
A. Two people.
Q. Describe what type of car that car was.
A. It was a white Ford Taurus station wagon... .
Nordelo's counsel again objected and at a subsequent hearing moved for a mistrial. The trial court denied the motion for mistrial, and Nordelo was ultimately convicted of two counts of armed robbery.
Nordelo contends that the trial court erred in: 1) allowing introduction of evidence of appellant's commission of another *38 unrelated crime; and, 2) adjudicating appellant guilty of two counts of armed robbery, when the taking of the victim's property was the result of one criminal transaction.
Appellee asserts that the trial court correctly allowed evidence of another unrelated crime because it helped prove Nordelo's identity. Further, appellee asserts that two transactions occurred when Nordelo took money from a cash register and then the victim's person.
The trial court erred in admitting the officer's testimony. "Evidence of collateral crimes, wrongs, or acts committed by the defendant is admissible if it is relevant to a material fact in issue: such evidence is not admissible where its sole relevance is to prove the character or propensity of the accused." Czubak v. State, 570 So.2d 925, 928 (Fla. 1990); Bryan v. State, 533 So.2d 744 (Fla. 1988), cert. denied, 490 U.S. 1028, 109 S.Ct. 1765, 104 L.Ed.2d 200 (1989); Smart v. State, 596 So.2d 786 (Fla. 3d DCA 1992); Minick v. State, 560 So.2d 386 (Fla. 3d DCA 1990); § 90.404(2)(a), Fla. Stat. (1989). "Relevant evidence is evidence tending to prove or disprove a material fact." §§ 90.401, 90.404(2)(a), Fla. Stat. (1989).
Here, the officer recognized Nordelo from a subsequent unrelated traffic incident: the officer testified that he arrested Nordelo following a car chase in which Nordelo was driving a white car. The victim did not testify that he saw Nordelo arrive in a white car, or get into a white car after the robbery. The victim simply stated that as he was dialing 911, he "saw a [white] car leaving at the end of the street," which he thought was the assailant's car.
Where, as here, the use of a white car in both events does not tend to prove that defendant was the assailant, the officer's testimony was irrelevant; it merely tended to prove defendant's bad character, and should not have been admitted. However, the error is harmless because the state has established beyond a reasonable doubt that the error did not affect the verdict. See State v. Lee, 531 So.2d 133 (Fla. 1988); State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); Smart, 596 So.2d at 786.
Nordelo's second issue requires appellate focus and amplification. Nordelo asserts that the takings were one continuing criminal episode concerning one victim. Hence, one transaction. Appellee argues that Nordelo "committed successive yet distinct forceful takings with separate and independent intent for each transaction."
Here, it is clear that Nordelo took money from the cash register, and then shortly thereafter, from the victim. Though technical logic dictates that there were two separate acts of taking, practical logic dictates that the takings were part of one comprehensive transaction to confiscate the sole victim's property.
Case law buttresses practical logic. In Hamilton v. State, 487 So.2d 407 (Fla. 3d DCA 1986), the defendant held up the victim at gunpoint taking the victim's cash and the victim's automobile. He was convicted of two separate counts. This court reversed the separate convictions finding that the two takings occurred in a single transaction.
Similarly, in Castleberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981), the defendants were charged with multiple counts of theft based on multiple takings which occurred during one burglary. The duplicative convictions were reversed on appeal:
Whether an item is taken as part of one theft or robbery, or two, necessarily depends upon chronological and spatial relationships.
Castleberry v. State, 402 So.2d at 1232.
Finally, in Hearn v. State, 55 So.2d 559 (Fla. 1951), defendants stole cattle. The defendants were charged and convicted of two separate crimes because the bulls were owned by two different owners. The Supreme Court held that where property belonging to different owners was taken at the same time, from the same place, under the same circumstances, and with the same intent, the offense constituted a single crime. See also McClendon v. State, 372 So.2d 1161 (Fla. 1st DCA 1979).
*39 Appellee cites cases which at first glance appear to contradict Nordelo's position. However, appellee's cases deal with more than one victim of an armed robbery. See Brown v. State, 430 So.2d 446 (Fla. 1983) (defendant robbed two cashiers); Cobb v. State, 586 So.2d 1298 (Fla. 2d DCA 1991) (defendant stole gold chains from one victim and a car from a second nearby victim).
We note that here, the takings are not inseparably connected in every conceivable way. Clearly, the takings can be separated. Yet, we also note that case law and logic dictate that these takings were, in reality and by their propinquity, a continuous transaction of an armed robbery of one victim.
We are also reluctant to state an absolute rule of law that becomes immutable. Thus, we stop short of ruling that in all cases, multiple takings from one victim always constitute one transaction. However, the facts of this case are reconciled along the logic of one transaction and we therefore reverse one count of armed robbery.
Affirmed in part, reversed in part, and remanded to vacate one count of armed robbery.