652 So.2d 448 (1995)
Eduardo SMART, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2055.
District Court of Appeal of Florida, Third District.
March 22, 1995.
Bennett H. Brummer, Public Defender and Rosa C. Figarola, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Linda S. Katz, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.
SCHWARTZ, Chief Judge.
Smart accosted the victim at an A.T.M. and, at gunpoint, robbed him of his jewelry and wallet. After an accomplice struck the victim, the defendant drove off with his car. We hold, contrary to the appellant's sole contention, that, under these circumstances, he was properly convicted and sentenced for both armed robbery of the personal effects under section 812.13(2)(a), (b), Florida Statutes (1993), and the armed carjacking of a different item, the vehicle, which is forbidden by a different statute, section 812.133(2)(a), Florida Statutes (1993). See § 775.021, Fla. Stat. (1993). Compare Sirmons v. State, 634 So.2d 153 (Fla. 1994) (double jeopardy precludes separate convictions and sentences for armed robbery and theft of same vehicle); Fraley v. State, 641 So.2d 128 (Fla. 3d DCA 1994) (double jeopardy precludes convictions and sentences for multiple counts of armed robbery when acts of taking were part of one comprehensive transaction to confiscate the sole victim's property); Nordelo v. State, 603 So.2d 36, 38 (Fla. 3d DCA 1992) (same).
Affirmed.