730 So.2d 728 (1999)
Lonnie WARD, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3907
District Court of Appeal of Florida, First District.
April 20, 1999.
Nancy A. Daniels, Public Defender; Tracy T. Murphy, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; L. Michael Billmeier, Assistant Attorney General, Tallahassee, for Appellee.

ON MOTION FOR CLARIFICATION
WEBSTER, J.
The state's motion for clarification is granted. We withdraw our earlier opinion, dated February 15, 1999, and substitute the following.
Appellant was convicted, following a jury trial, of armed robbery, armed carjacking and grand theft. He now argues (1) that his convictions of both armed robbery and armed carjacking violate the double jeopardy clauses of the state and federal constitutions because both arose out of a single act, and the elements of the latter are subsumed by the former; and (2) that the trial court should have granted his motion for a judgment of acquittal on the grand theft charge because the evidence was legally insufficient. Having carefully reviewed the record, we conclude that there was sufficient evidence *729 from which a reasonable jury could have found that appellant had committed grand theft. Accordingly, we affirm that conviction without further discussion. However, we are constrained to reverse the armed carjacking conviction.
Viewed in a light most favorable to the state, the evidence established that the victim had parked her vehicle in the lot of a store, and then went into the store to do some shopping. After she had finished shopping, she returned to her vehicle, pushing a cart. She opened the front passenger door and placed her purchases and her purse on the seat. As she was returning the cart, several young males, including appellant, approached her. One of them pointed a gun at the victim and told her to give them her keys and money. Appellant told the victim that the other male would shoot if she did not comply. Appellant then took the keys from the victim and gave them to one of the others. Then all of the young males, including appellant, got into the vehicle and drove off.
Following his apprehension, the state charged appellant with armed robbery, armed carjacking and theft of the vehicle that had been used to drive to the scene. The armed robbery charge was predicated upon the taking of the victim's keys, purse, checkbook and money. It is undisputed that the checkbook and money were in the purse which was, in turn, on the front seat of the vehicle.
Florida has legislatively adopted the test set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), for the purpose of determining whether, in the absence of an express statement of legislative intent to punish them separately, offenses arising out of a single criminal transaction or episode may be separately punished. See § 775.021(4)(a), Fla. Stat. (1995) ("offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial"). Absent an express statement of legislative intent to punish separately two offenses arising out of a single criminal transaction or episode, double jeopardy bars separate convictions and sentences unless each offense requires proof of an element that the other does not. See M.P. v. State, 682 So.2d 79, 81 (Fla.1996).
Armed carjacking with a firearm is proscribed by section 812.133(2)(a), Florida Statutes (1995). The state concedes that all of the elements of that offense are subsumed by the offense of armed robbery with a firearm. § 812.13(2)(a), Fla. Stat. (1995). Moreover, there is nothing in either statute expressly authorizing separate convictions and sentences when both offenses arise out of a single criminal transaction or episode. Relying on Brown v. State, 430 So.2d 446 (Fla. 1983), the state argues that appellant's armed robbery and armed carjacking convictions did arise out of separate transactions or episodes. We are unable to agree.
In Brown, the evidence had established that the defendant had entered a store, displayed a firearm and directed a cashier to empty the money from her cash register into a bag. Unable to find anyone to open a second register, the defendant returned to the cashier and directed her to unlock it. Lacking a key, the cashier was unable to do so. She summoned another cashier who, after having been threatened by the defendant, opened the second register and gave up the money. Brown was convicted of two counts of robbery and, following affirmance by the district court of appeal, sought review in the supreme court. The supreme court upheld the two convictions based upon the following analysis:
[T]he money taken by the defendant belonged to a single owner, but it was taken by force, violence, assault, or putting in fear from two separate employees. The taking was from separate cash registers, over the second of which the first employee had no control. The two events were separated in time and each required separate criminal intent. Actual ownership of the money obtained is not dispositive of the question of whether multiple robberies have been committed. What is dispositive is whether there have been successive and distinct forceful takings with a separate and independent intent for each transaction.

Id. at 447 (emphasis added).
Unlike the situation in Brown, here there was only one "forceful taking." All of the victim's property was taken as a part of the same criminal transaction or episode, without *730 any temporal or geographic break. See, e.g., Fraley v. State, 641 So.2d 128 (Fla. 3d DCA 1994) (vacating one of two convictions for armed robbery because taking money from a cash register and then taking the clerk's gun were part of only one criminal transaction); Horne v. State, 623 So.2d 777 (Fla. 1st DCA 1993) (vacating one of two convictions for armed robbery because, although some property taken belonged to the employer and some to the clerk, "[t]here was little or no temporal or geographic break between the two takings"); Nordelo v. State, 603 So.2d 36 (Fla. 3d DCA 1992) (vacating one of two convictions for armed robbery because taking money from a cash register and then beating the clerk and taking his wallet were parts of one continuous criminal transaction). Accordingly, double jeopardy precludes convictions for both offenses.
Armed robbery with a firearm and armed carjacking with a firearm are both first-degree felonies punishable by imprisonment for a term of years not exceeding life. §§ 812.13(2)(a) & 812.133(2)(a), Fla. Stat. (1995). Both offenses are also level 9 offenses for sentencing guidelines purposes. § 921.0012(3)(i), Fla. Stat. (1995). Therefore, it makes no difference which is set aside. We choose to reverse the armed carjacking conviction, and to remand to the trial court with directions that it vacate that conviction and sentence. Further, because appellant was sentenced pursuant to the guidelines and the computations will be affected by this decision, we vacate appellant's remaining sentences and direct the trial court on remand to resentence appellant.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WOLF, J., CONCURS; LAWRENCE, J., CONCURS AND DISSENTS WITH WRITTEN OPINION.
LAWRENCE, J., concurring and dissenting.
I concur in affirming Ward's convictions for grand theft and armed robbery. I respectfully dissent from the majority in reversing the conviction for armed carjacking for the reason that I am unable to reconcile that action with this court's recent decision in Howard v. State, 23 Fla. L. Weekly D2600, 723 So.2d 863 (Fla. 1st DCA 1998).
In Howard, we affirmed his convictions for armed robbery and armed carjacking, where the same claim of double jeopardy was made, upon facts recited as follows:
On December 29, 1996, Terry Hill drove up to the drive-through window at a Mc-Donald's restaurant, and while waiting in line, a man he later identified as Howard pointed a gun at him through the car window and ordered him to open the door and slide over to the passenger side. Hill complied. Howard sped from the parking lot and, while holding the gun to Hill's neck, took Hill's cash, a wedding band and a bracelet. After driving two blocks, Howard let Hill out of the car, and he was apprehended within an hour.
Id. at D2600, 723 So.2d 863.
The testimony and the evidence in the instant case clearly established that as the victim was returning to her car in the store parking lot, she noticed a car which she described as "right next to my car, so I would have to walk in between the two." The car was occupied by four males (including Ward), three of whom were inside the car and one on the outside. The victim had just placed her purchases and purse containing her checkbook and money in the front passenger seat of her car when she was confronted by one of the males in a manner which she described as: ["and he came around from the back side of your car?"] "From the back side of my car and approached me. I was standing with the door open backing my buggy away to shut the door. And instead of asking for money, he asked for my keys." Another witness (one of Ward's co-defendants) testified that the victim was asked not only for her keys but also for her money.
The jury in the instant case reasonably could have found from competent substantial evidence that the victim was robbed of her purse, checkbook, and money at the same time that the keys were taken. These items were within her reach as she was still at the open car door of her vehicle, and her assailant was in a position to observe the purse as he demanded her keys and money. The carjacking offense was not complete until the car later was taken by Howard and his accomplices, i.e., taking the victim's keys was not alone sufficient to constitute carjacking. *731 The armed robbery of the victim's purse, checkbook and money occurred before the carjacking and thus constituted separate offenses under the rationale cited by our court in Howard.
I am also persuaded by our sister court's decision in Smart v. State, 652 So.2d 448 (Fla. 3rd DCA 1995), affirming dual convictions for armed robbery and armed carjacking. That court held as follows:
Smart accosted the victim at an A.T.M. and, at gunpoint, robbed him of his jewelry and wallet. After an accomplice struck the victim, the defendant drove off with his car. We hold, contrary to the appellant's sole contention, that, under these circumstances, he was properly convicted and sentenced for both armed robbery of the personal effects under section 812.13(2)(a), (b), Florida Statutes (1993), and the armed carjacking of a different item, the vehicle, which is forbidden by a different statute, section 812.133(2)(a), Florida Statutes (1993).
Id. at 448.
Because I would affirm Ward's conviction for carjacking, I respectfully dissent.