743 So.2d 1213 (1999)
Richard BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1272.
District Court of Appeal of Florida, Fourth District.
November 10, 1999.
Richard L. Jorandby, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Affirmed. The appellant claims that a Richardson[1] violation occurred when the state attorney notified him on the day of trial of a detective who would testify to an incriminating statement made by the appellant. The trial court, after inquiring into the circumstances, found no such violation since appellant's prior counsel had knowledge of the presence of the witness and the defendant's statement to him. See Ansley v. State, 302 So.2d 797 (Fla. 1st DCA 1974). In addition, appellant's counsel was able to take the deposition of the officer to whom the defendant made the statement, and he moved to suppress the statement prior to its admission at trial. Thus, despite finding no violation, the court took steps to cure any potential prejudice and surprise. We find no error in the trial court's rulings.
We affirm as to the remaining points, particularly finding that no double jeopardy violation occurred in the conviction of carjacking and armed robbery. See Simboli v. State, 728 So.2d 792, 793 (Fla. 5th DCA 1999), rev. denied, 741 So.2d 1137 (Fla.1999).
WARNER, C.J., DELL and STONE, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).