818 So.2d 467 (2002)
Michael CONSIGLIO, Petitioner,
v.
STATE of Florida, Respondent.
No. SC99-125.
Supreme Court of Florida.
May 9, 2002.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, FL, for Petitioner.
Robert A. Butterworth, Attorney General, Celia Terenzio, Senior Assistant Attorney General, and James J. Carney, Assistant Attorney General, West Palm Beach, FL, for Respondent.
HARDING, J.
We have for review Consiglio v. State, 743 So.2d 1221 (Fla. 4th DCA 1999), which expressly and directly conflicts with the opinion in Ward v. State, 730 So.2d 728 (Fla. 1st DCA 1999), regarding whether double jeopardy bars convictions and punishments *468 for robbery and carjacking. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. In Cruller v. State, 808 So.2d 201 (Fla.2002), this Court determined that double jeopardy does not bar convictions and punishments for robbery and carjacking. Accordingly, we approve the result of the Fourth District's decision in Consiglio concerning this issue.
We address a second issue raised by Consiglio. See, e.g., Hall v. State, 752 So.2d 575, 578 n. 2 (Fla.2000) ("Once we have conflict jurisdiction, we have jurisdiction to decide all issues necessary to a full and final resolution."). Consiglio was convicted of carjacking, robbery, and attempted false imprisonment. He was sentenced to 78.5 months incarceration pursuant to the 1995 guidelines (established by chapter 95-184, Laws of Florida). Consiglio contends that since his scoresheet was calculated under unconstitutional guidelines, he is entitled to be resentenced under the 1994 guidelines. See Heggs v. State, 759 So.2d 620 (Fla.2000) (holding chapter 95-184, Laws of Florida, unconstitutional as violative of single subject requirement of article III, section 6, Florida Constitution, and that imposition of sentence under amendments made by chapter 95-184 was error). Consiglio's offense was committed on March 2, 1997, and therefore he has standing to raise a Heggs challenge. See Trapp v. State, 760 So.2d 924, 928 (Fla. 2000) (extending the window period in which defendant could obtain relief for Heggs error from October 1, 1995, to May 24, 1997). Based on our review of the record, it appears that the calculation of Consiglio's scoresheet under the 1994 guidelines results in a lower sentencing range than the range calculated under chapter 95-184.[1] Therefore, we remand this cause for resentencing in accordance with the sentencing guidelines in effect prior to the date the unconstitutional amendments made by chapter 95-184 became effective.
It is so ordered.
WELLS, C.J., and SHAW, ANSTEAD, LEWIS, and QUINCE, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion.
PARIENTE, J., concurring in part and dissenting in part.
I concur with the majority that Consiglio should be resentenced in accordance with the 1994 guidelines. However, I would conclude that there was a double jeopardy violation by convicting and punishing Consiglio both for robbery and carjacking that arose out of a single forceful taking. Consiglio robbed the victim of her keys and her wallet while the victim was outside of her truck pumping gas. Consiglio immediately thereafter stole the victim's car. There was no separation of time, place, or circumstances between the taking of the keys and wallet and the taking of the car. Cf. Hayes v. State, 803 So.2d 695 (Fla. 2001). Therefore, for the reasons stated in Cruller v. State, 808 So.2d 201, 204-10 (Fla.2002), I dissent from the majority's conclusion that there was no double jeopardy violation in this case.
NOTES
[1] In its brief, the State "disagrees with the Petitioner's calculations" but acknowledges that this case should be remanded to the trial court to calculate a new scoresheet.