EVANDER, J.
 

 Dyson contends that the trial court committed fundamental error
 
 [1]
 
 in adjudicating and sentencing him for both robbery with a weapon
 
 [2]
 
 and carjacking with a weapon.
 
 [3]
 
 The State concedes that Dyson’s dual convictions violate double jeopardy.
 

 Dyson was found guilty, after a jury trial, of robbery with a weapon and carjacking with a weapon. The evidence established that the victim, the owner of a motorcycle body shop, agreed to help a customer sell his motorcycle. The victim met Dyson at his shop after Dyson had called and expressed an interest in purchasing the motorcycle. After being shown the motorcycle, Dyson attacked the victim with a mallet and then stole the motorcycle.
 

 In the amended information, the only item of property alleged to have been taken by Dyson was the motorcycle. The Florida Supreme Court has found that the carjacking statute is a specific subset of the more general robbery statute.
 
 Cruller v. State,
 
 808 So.2d 201, 204 (Fla.2002). (“The language of the carjacking statute mirrors the language of the robbery statute with one exception — carjacking pertains only to motor vehicles whereas robbery pertains to all property.”)
 

 In
 
 Cruller,
 
 the court found that convictions for robbery and carjacking did not violate the principle of double jeopardy where the defendant was found to have taken items of property other than the motor vehicle. Here, however, Dyson was charged with and found to have stolen only one item — the motorcycle. Accordingly, we conclude that Dyson’s dual convictions cannot stand because, under the facts of this case, the two offenses required identical elements of proof.
 
 See generally,
 
 § 775.021(4)(b)(l), Fla. Stat. (2006).
 

 On remand, the trial court is to vacate Dyson’s robbery conviction. The carjacking with a weapon conviction is affirmed.
 

 AFFIRMED, in part; REVERSED, in part; REMANDED.
 

 MONACO, J., and PLEUS, R.J., Senior Judge, concur.
 

 [1]
 

 .A violation of double jeopardy constitutes fundamental error which may be raised for the first time on appeal.
 
 Vasquez v. State,
 
 778 So.2d 1068 (Fla. 5th DCA 2001).
 

 [2]
 

 . § 812.13(2)(b), Fla. Slat. (2006).
 

 [3]
 

 . § 812.133(1) and (2)(a), Fla. Stat. (2006).