HAZOURI, J.
 

 Brittany Hanfield appeals from her convictions and sentences after she pled no contest to multiple charges in three separate cases. In case number 07-17346 CF10A, she was charged with robbery with a deadly weapon. In case number 07-18296 CF10A, she was charged with counts (I) burglary with battery with intent to commit a theft or robbery; (II) aggravated battery upon an elderly person; and (III) attempted armed robbery. In case number 07-18298 CF10A, she was charged with counts (I) armed carjacking; (II) robbery with a deadly weapon; and (III) aggravated battery with a deadly weapon. We find her appeal in case numbers 07-17346 CF10A and 07-18296 CF10A to be without merit, and address only points raised in ease number 07-18298 CF10A.
 

 In case number 07-18298 CF10A, at the sentencing hearing, the victim in the carjacking incident testified that Hanfield started pistol whipping him when he got out of his car. She told him to give her his keys, which he did. Hanfield got in the car but was unable to start the car with the keys. She demanded that the victim show her which one of the keys was the ignition key and threatened to kill him if he did not give her the car key. The victim refused and confronted Hanfield at which point she panicked and fled.
 

 Hanfield contends that convicting her for armed carjacking and robbery with a deadly weapon is illegal because it subjects her to double jeopardy. The state asserts that this argument has not been preserved, as it was not raised below.
 

 “A defendant who enters a general or open plea does not waive double jeopardy claims.”
 
 See Demps v. State,
 
 965 So.2d 1242, 1243 (Fla. 4th DCA 2007). “[A] conviction that violates the prohibition against double jeopardy constitutes funda
 
 *907
 
 mental error ... and a claim of fundamental error may be raised for the first time on appeal.”
 
 Kilmartin v. State,
 
 848 So.2d 1222, 1224 (Fla. 1st DCA 2003) (citations omitted).
 

 Hanfield argues that she cannot be convicted of both armed carjacking and robbery with a deadly weapon because the robbery count in the information does not include any other item stolen but the victim’s keys, which is intertwined in the carjacking.
 

 The state asserts that the supreme court’s decision in
 
 Cruller v. State,
 
 808 So.2d 201 (Fla.2002), makes it clear that there is no violation of double jeopardy for carjacking and robbery, if, in the course of the carjacking, a defendant takes or attempts to take property other than the motor vehicle. The court in
 
 Cruller,
 
 in addressing the claim of double jeopardy for robbery and carjacking, held that “when a defendant forcefully takes several items of property, one of which is a motor vehicle, it is clear that the Legislature intended to punish the act of taking the car separately from any other property taken during the robbery.”
 
 Id.
 
 at 204. The court concluded:
 

 To reach the opposite conclusion would render an absurd result. In the present case, the defendant forcefully took a wallet and money in addition to taking a motor vehicle. The money and wallet are not covered by the carjacking statute. Under these circumstances, the defendant would receive a substantial windfall if the State were precluded from charging both carjacking and robbery of the wallet and money. In other words, if we were to adopt Cruller’s position, a defendant who forcefully takes a motor vehicle could take countless other items of property and be immune from robbery prosecution for these items. The Legislature could not have intended such an anomalous result.
 

 Id.
 
 (citation omitted).
 

 What remains unresolved is whether the taking of the car keys can be considered as a separate property item to warrant conviction for armed robbery in the instant case.
 

 We can find no case law directly on point. However, in
 
 Price v. State,
 
 816 So.2d 738 (Fla. 3d DCA 2002), the Third District addressed whether the element of “taking” in a carjacking was proven when the evidence showed that the defendant had taken the car keys at gunpoint; but, due to a defect in the keys, he was unable to start the car and drive away. The Third District held “that the taking of the car keys satisfied the ‘taking’ element of the statute. Section 812.133, Florida Statutes (1997), does not require the accused’s successful departure from the crime scene in the victim’s car.”
 
 Id.
 
 at 741. Therefore, it is logical to conclude that the car and the car keys are one and the same, and the taking of the keys with the intent to take the car constitutes carjacking.
 

 In the instant case, Hanfield was convicted of carjacking and robbery of essentially the same property. There would be no question as in
 
 Cruller,
 
 had Hanfield not only attempted to steal the ear, but also attempted to take the victim’s wallet or other personal property, such as a watch, etc., that her claim of double jeopardy would fail. The taking of the same property, however, constitutes double jeopardy.
 
 See Dyson v. State,
 
 10 So.3d 650 (Fla. 5th DCA 2009) (holding that double jeopardy applies when a defendant is charged with carjacking and robbery of the same item, i.e., a motorcycle).
 

 We conclude the taking of the car keys cannot constitute a separate charge of armed robbery. Hanfield’s inability to
 
 *908
 
 start the vehicle does not alter the fact that she is guilty of armed carjacking, but to permit the conviction for armed robbery, based upon the taking of the car keys, constitutes double jeopardy. We, therefore, reverse the conviction for armed robbery in case number 07-18298 CF10A, and direct the trial court to vacate that conviction.
 

 Affirmed, in Part; Reversed in Part, and Remanded,.
 

 STEVENSON and GERBER, JJ., concur.