[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13229
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20956-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER STACY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 8, 2019)

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Stacy appeals his 180-month sentence imposed after pleading guilty to possession of a firearm and ammunition by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal, he argues that because Florida robbery and Florida attempted carjacking are not categorically violent felonies, and should not have been used as predicate offenses for purposes of the Armed Career Criminal Act ("ACCA"), he does not have the requisite number of predicate offenses for the armed career criminal designation to apply.  The government responds, however, that Stacy's argument against attempted carjacking should be reviewed for plain error because he presents a different legal theory on appeal regarding attempt that was not preserved before the district court.

We review *de novo* whether a particular conviction qualifies as a violent felony under the ACCA.  *United States v. Seabrooks*, 839 F.3d 1326, 1338 (11th Cir. 2016).  Federal law determines the meaning of the ACCA, while we are bound by the Florida Supreme Court's interpretation of its state law offenses.  *Curtis Johnson v. United States*, 559 U.S. 133, 138 (2010) ("*Curtis Johnson*").  We apply the same analysis for both ACCA violent felonies and crime of violence under the Sentencing Guidelines.  *United States v. Lockley*, 632 F.3d 1238, 1243 n.5 (11th Cir. 2011).

We review for plain error issues which the defendant failed to preserve for appeal.  *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014).  "To

2

preserve an issue for appeal, one must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought." *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) (internal quotations omitted).

Where, as here, a defendant is convicted of violating 18 U.S.C. § 922(g), the ACCA imposes a heightened mandatory minimum prison sentence if he has three prior convictions for either violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1)(B). The ACCA defines a "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

(i)    has *as an element the use, attempted use, or threatened use of physical force against the person of another*; or

(ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B) (emphasis added). The first prong of this definition is often referred to as the "elements" clause, while the second prong contains the "enumerated crimes" clause followed by what is often referred to as the "residual clause." *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012). Robbery and carjacking are not listed as enumerated crimes, so neither can satisfy that prong. In *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause was unconstitutionally vague. 135 S. Ct. at 2257–58 ("*Samuel Johnson*").

3

In *Curtis Johnson*, the Supreme Court defined the physical force required for a "violent felony" to mean "*violent* force—that is, force capable of causing physical pain or injury to another person." *Curtis Johnson*, 559 U.S. at 140. Our test for determining whether an offense calls for the use of physical force under *Curtis Johnson* looks to "whether the statute calls for violent force that is capable of causing physical pain or injury to another." *United States v. Vail-Bailon*, 868 F.3d 1293, 1302 (11th Cir. 2017) (*en banc*).

Whether a prior conviction is a predicate offense under the ACCA's elements clause is determined by applying the categorical approach. *Taylor v. United States*, 495 U.S. 575, 600 (1990). The categorical approach requires courts to assess whether the elements, rather than the individual facts, of the statute of conviction in its ordinary case contains the same elements as the federal generic offense, or is defined even more narrowly than the federal generic. *Descamps v. United States*, 570 U.S. 254, 261 (2013); *see Samuel Johnson*, 135 S. Ct. at 2582 (adding language to assess the statute of conviction "in the ordinary case"). Under the categorical approach, we examine the statute of conviction to determine whether that conviction necessarily "ha[d] as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i); *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013). Whether a

4

person actually used, attempted to use, or threatened to use physical force is irrelevant. *Id.*

We will address each statute of conviction in turn.

*(i) Florida Robbery Conviction*

In *Fritts*, we held that a Florida conviction for robbery is a violent felony under the elements clause of the ACCA. *United States v. Fritts*, 841 F.3d 937, 942-44 (11th Cir. 2016); *see* § 812.13, Fla.Stat. (2017). We have held that all Florida robbery convictions under § 812.13, even without a firearm, qualify as a crime of violence. *Lockley*, 632 F.3d at 1245; *see Fritts*, 841 F.3d at 940–42 (reaffirming *Lockley* post-*Samuel Johnson*, 135 S. Ct. 2551).

Our binding circuit precedent thus forecloses Stacy's argument. *See Fritts*, 841 F.3d at 942. *Fritts* involved the ACCA and the term "violent felony," while *Lockley* involved the career offender provisions of the Guidelines, U.S.S.G. §§ 4B1.1 and 4B1.2, and the term "crime of violence." The cases held that Florida robbery under Fla. Stat. § 812.13 qualifies, under the elements clause and the categorical approach, as a "violent felony" (in *Fritts*, 841 F.3d at 942-44), and as a "crime of violence" (in *Lockley*, 632 F.3d at 1244-45). We apply the same analysis in both situations. *Lockley*, 632 F.3d at 1243 n.5. Florida robbery, in violation of Fla. Stat. § 812.13, is categorically a violent felony under the ACCA's elements clause and may serve as a predicate crime of violence offense.

Accordingly, we affirm the district court's use of Stacy's two prior Florida

robbery convictions as predicate offenses under the ACCA.

*(ii) Florida Attempted Carjacking Offense*

Florida carjacking is defined as:

the taking of a motor vehicle which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the motor vehicle, *when in the course of the taking there is the use of force, violence, assault, or putting in fear*.

§ 812.133, Fla.Stat. (2017) (emphasis added).  The Florida Supreme Court has

determined that "the carjacking statute mirrors the language of the robbery

statute:" both have the same elements except that carjacking is narrower, with a

specific subject of the robbery, a car.  *See Cruller v. State*, 808 So. 2d 201, 204

(Fla. 2002) (assessing whether a charge for both robbery and carjacking violated

double jeopardy).

Attempt under Florida law is defined as "a person who attempts to commit

an offense prohibited by law and in such attempt does any act toward the

commission of such offense, but fails in the perpetration or is intercepted or

prevented in the execution thereof."  § 777.04(1), Fla. Stat.

We have adopted the Model Penal Code ("MPC") definition of attempt as

the federal generic definition for purposes of the categorical rule.  *See Lockley*, 632

F.3d at 1244 n.6.  The MPC definition of attempt requires "an act or omission

6

*constituting a substantial step* in a course of conduct planned to culminate in his commission of the crime." *Id.* (quoting MODEL PENAL CODE § 5.01(1)) (internal quotations omitted). We held in *Lockley* that Florida's attempt statute is a categorical match to generic attempt because Florida attempt requires an overt act, instead of mere preparation. *Id.*

In *Lockley*, we held that attempted robbery was categorically a crime of violence under the "elements" clause of § 4B1.2. *Lockley*, 632 F.3d at 1245; *see also Fritts*, 841 F.3d at 942 (reaffirming *Lockley* post-*Samuel Johnson*). Regarding its attempt, we noted that Florida robbery required "the use of force, violence, a threat of imminent force or violence coupled with apparent ability, or some act that puts the victim in fear of death or great bodily harm," and then elaborated, that "we find it inconceivable that any act which causes the victim to fear death or great bodily harm would not involve the use or threatened use of physical force." *Lockley*, 632 F.3d at 1245; *see Cruller*, 808 So. 2d at 204 (equating the elements of Florida robbery and carjacking).

We agree with the government that Stacy did not properly preserve for appeal the particular challenge he raises on appeal with respect to his prior Florida conviction for attempted carjacking. Thus, we review for plain error. As Stacy concedes, whether Florida attempted carjacking is a violent felony is an open question in this Circuit. Therefore, because there is no binding case law, there can

7

be no plain error.  *Straub*, 508 F.3d at 1011.  Moreover, there is a very strong argument that Florida attempted carjacking involves the required physical force and is categorically a violent felony.  Florida's interpretation that carjacking is a narrower subset of robbery, with the same force elements, leads to the determination that our assessment of Florida carjacking should follow our earlier categorical assessments of Florida robbery as a violent felony.  *See Fritts*, 841 F.3d at 942; *Cruller*, 808 So. 2d at 204.  Florida robbery is a categorical match to the federal generic definition and, therefore, carjacking is a categorical match too because it is defined even more narrowly by the state supreme court than the federal generic offense.  *Descamps*, 133 S. Ct. at 2283; *Cruller*, 808 So. 2d at 204.  We have also already found attempt in Florida to be a categorical match with generic attempt.  *Lockley*, 632 F.3d at 1244 n.6.  Taking these two principles together, because Florida attempt is a categorical match to the federal generic, and Florida carjacking follows our cases regarding Florida robbery under the ACCA, it is probable that—when this Court is faced with the issue on *de novo* review— we will probably hold that attempted Florida carjacking is categorically a violent crime under the ACCA.  Accordingly, it was not plain error for the district court to use Stacy's prior Florida attempted carjacking conviction as a predicate offense under the ACCA.

8

In sum, the district court correctly found that Stacy's two prior convictions of Florida robbery were violent felonies, and it was not plain error for the district court to hold that the Florida attempted carjacking conviction was a violent felony, and  to designate Stacy an armed career offender.  Accordingly, we affirm.

**AFFIRMED**.