COWART, Judge.
Petitioner here seeks a writ of mandamus from this court compelling the respondent to appoint a psychiatric expert to examine the defendant and to assist the defense in exploring the possibility of an insanity defense.
Petitioner is charged with attempted murder and aggravated battery and is presently represented by the public defender. Petitioner’s counsel filed an “application for defense psychiatric expert” requesting the court to appoint a psychiatric expert pursuant to Florida Rule of Criminal Procedure 3.216 alleging that counsel was court appointed and that “he has reason to believe that the defendant may have been insane at *1138 the time of the offense.” Respondent thereafter held a hearing on this application at which the state was present. Although defense counsel was willing to proffer the information which formed the underlying basis for his reason to believe that the defendant may have been insane at the time of the offense, counsel requested this proffer be made ex parte. When this request was denied, counsel declined to make any proffer and the trial court subsequently denied petitioner's “application.”
Since writ of mandamus will only issue to compel a purely ministerial act,[1] we must determine what discretion, if any, a trial judge has when considering a motion to appoint a psychiatric expert pursuant to Florida Rule of Criminal Procedure 3.216. Florida Rule of Criminal Procedure 3.216(a) provides:
(a) When in any criminal case counsel for a defendant adjudged to be indigent or partially indigent, whether public defender or court appointed, shall have reason to believe that the defendant may be incompetent to stand trial or that he may have been insane at the time of the offense he may so inform the court who shall appoint one expert to examine the defendant in order to assist his attorney in the preparation of his defense. Such expert shall report only to the attorney for the defendant and matters related to the expert shall be deemed to fall under the lawyer-client privilege.
This rule, as worded, gives rise to only three factual issues: whether the defendant is indigent, whether the moving attorney is a public defender or court appointed private counsel and whether that attorney has reason to believe that the defendant “may be incompetent to stand trial or that he may have been insane at the time of the offense.” Once these three facts have been established, the rule does not appear to give the trial court any discretion to act; the trial court must appoint one expert to examine the defendant.[2] Any inquiry into the existence and reasonableness of the “reasons” that caused appointed counsel to arrive at his belief would appear to directly and unavoidably invade the confidential relationship the attorney has with his client and therefore cannot be required. Thus the trial court appears to have no discretion but to make an appointment and therefore mandamus appears appropriate.
We do not favor the construction we feel constrained to give this rule. The trial bench is traditionally a position with discretionary authority equal to its responsibility. To require a purely ministerial act be performed by a trial judge belittles his authority and is a waste of judicial labor. If the appropriateness of the appointment of an expert simply depends on the subjective belief of the public defender and the trial judge is to have no discretion in the matter, he should not be required to take the responsibility to enter such an order.
All experts are not equal and they are entitled to compensation. Appointment is but a method of employing an expert. As always when contracting for personal services, unless the work to be performed and the compensation to be paid are clearly established by custom and usage those matters should be settled as part of the employment agreement. These matters are especially important when public funds are to be expended. Intricately involved in the question in this case is the extent of the trial court’s discretion as to whom to appoint, the scope of the expert’s work and reports, and the amount of his compensation and the State’s rights to notice and opportunity to be heard as to those matters. Although these problems are readily foreseeable, they have not matured in this case.
Notwithstanding, the rule as written is straightforward and mandatory. Therefore, the petition for a writ of mandamus is *1139 granted and the respondent is directed to enter an order appointing one expert to examine the petitioner and to assist the petitioner’s attorney in the preparation of the petitioner’s defense. Because we have confidence that the trial judge in this case will follow our directions we withhold issuance of the formal writ at this time.
However, the question in this case affects a class of state officers and we believe is of great public importance. See Fla.R.App.P. 9.030(a)(2)(A)(iii) and (v). Therefore, in order to enable the State to seek the discretionary review of the supreme court, we certify the following question to be of great public importance:
When an appointed counsel informs the court, as provided in Florida Rule of Criminal Procedure 3.216(a), that he has reason to believe his indigent client is incompetent to stand trial or was insane at the time of the offense, does the trial court have any discretion as to any matter of law or fact the determination of which would entitle the State to be given notice and an opportunity to be heard before the court appoints an expert to examine the accused and to assist his appointed counsel?
PETITION GRANTED.
ORFINGER, C.J., and FRANK D. UP-CHURCH, Jr., J., concur.

. See, e.g., Sandegren v. State ex rel. Sarasota County Pub. Hosp. Bd., 397 So.2d 657 (Fla. 1981); Fasenmyer v. Wainwright, 230 So.2d 129 (Fla. 1969); DeGroot v. Sheffield, 95 So.2d 912 (Fla.1957); City of Winter Garden v. Norflor Constr. Corp., 396 So.2d 865 (Fla. 5th DCA 1981).

. This construction is mandated by the use of the word “shall.” See, e.g., Tascano v. State, 393 So.2d 540 (Fla.1981) (Florida Rule of Criminal Procedure 3.390(a) interpreted as mandatory).