HANLON, MORTON J., Associate Judge.
Prior to trial appellant, Richard Eugene McKinniss, moved for the appointment of a psychiatric expert to assist his attorney in the preparation of his defense of a claim of insanity. The lower court denied his motion. We reverse.
Appellant’s attorney timely filed a Notice of Intention to Claim Insanity Defense, in which he alleged that at the time of the offense appellant was unable to determine right from wrong and did not know the nature and quality of his acts. Simultaneously counsel filed a Motion for Appointment of Psychiatric and Competency Exam, requesting that appellant be evaluated by three experts to determine his competency to stand trial and insanity. After a hearing, the court appointed one psychiatrist to determine appellant’s competency to stand trial and his sanity at the time of the offense.
Subsequently, appellant’s counsel filed a Motion to Compel Compliance with Rule 3.216, requesting that the court appoint no more than three nor fewer than two disinterested, qualified experts to examine appellant; and, in addition, demanding that a separate expert be appointed to assist appellant’s attorney in preparation of his defense. Fla.R.Crim.P. 3.216(d) and (a). In response to the motion, the court appointed two experts who were to report their findings directly to the court with copies sent to both attorneys, but ordered that those portions of the psychiatric reports evaluating appellant’s sanity at the time of the offense were to go only to appellant’s counsel. Appellant’s demand for a separate expert was denied.
Based on the specific directive within Florida Rule of Criminal Procedure 3.216(a), we hold that the trial court erred in denying the appointment of an expert solely to assist appellant’s counsel.
An examination of the language of Florida Rule of Criminal Procedure 3.216(a) indicates that the provision is mandatory. The rule provides in pertinent part that:
(a) When in any criminal case counsel for a defendant adjudged to be indigent or partially indigent, whether public defender or court appointed, shall have reason to believe that the defendant may be incompetent to stand trial or that he may have been insane at the time of the offense, he may so inform the court who shall appoint one expert to examine the defendant in order to„ assist his attorney in the preparation of his defense. Such expert shall report only to the attorney for the defendant and matters related to the expert shall be deemed to fall under the lawyer-client privilege.
The Fifth District has already addressed this provision in Hamilton v. Davis, 427 So.2d 1137 (Fla. 5th DCA 1983). We concur with its analysis that, if the defendant can meet the threshold factual issues, the rule gives no discretion to the trial court in acting to appoint an expert. The wording of the rule is straightforward and plain on its face. While the Fifth District has certified the question of the possibility of the trial court exercising some discretionary authority under the rule, we, neverthe *304 less, agree with its current holding that compliance by the trial court is mandatory.
In the instant case appellant was represented by court-appointed counsel, who indicated a belief that appellant may be incompetent to stand trial or that he may have been insane at the time of the offense. Even as to the insanity defense, the trial court’s order that selected portions of the psychiatric reports be sent only to appellant does not satisfy the language that an expert “shall report only to attorney for the defendant” and that appellant’s evaluation “shall be deemed to fall under the lawyer-client privilege.” Cf. Pouncy v. State, 353 So.2d 640 (Fla. 3d DCA 1977) (doctrine of attorney-client privilege bars the state from deposing and calling as witnesses psychiatrists hired by the defendant for the sole purpose of aiding in preparation of an insanity defense). Neither the experts herein nor their reports were protected by the attorney-client privilege. Virtually all information, save a limited portion, regarding appellant’s mental condition was made equally available to both the prosecution and the court as well as the defense, negating any confidentiality for appellant and his counsel. The trial court’s order does not comply with the letter or the spirit of Florida Rule of Criminal Procedure 3.216(a).
Accordingly, we reverse appellant’s judgment and sentence and remand this cause for a new trial. We further direct that the trial court enter an order appointing one expert to examine appellant and to assist appellant’s attorney in the preparation of his defense.
GRIMES, A.C.J., and RYDER, J., concur.