448 So.2d 1007 (1984)
STATE of Florida, Petitioner,
v.
James HAMILTON, Respondent.
No. 63536.
Supreme Court of Florida.
April 5, 1984.
Jim Smith, Atty. Gen. and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for petitioner.
James Russo, Public Defender and Matthew G. Minter, Asst. Public Defender, Eighteenth Judicial Circuit, Sanford, for respondent.
OVERTON, Justice.
This is a petition by the State of Florida to review a decision of the Fifth District Court of Appeal reported as Hamilton v. Davis, 427 So.2d 1137 (Fla. 5th DCA 1983), in which that court granted a writ of mandamus directing the trial judge to appoint a psychiatric expert to examine Hamilton and to assist his defense counsel in exploring the possibility of an insanity defense in accordance with the provisions of Florida Rule of Criminal Procedure 3.216(a). After so holding, the district court of appeal certified the following question as being of great public importance:

*1008 When an appointed counsel informs the court, as provided in Florida Rule of Criminal Procedure 3.216(a), that he has reason to believe his indigent client is incompetent to stand trial or was insane at the time of the offense, does the trial court have any discretion as to any matter of law or fact the determination of which would entitle the State to be given notice and an opportunity to be heard before the court appoints an expert to examine the accused and to assist his appointed counsel?
427 So.2d at 1139.
We accept jurisdiction, article V, section 3(b)(4), Florida Constitution, and answer the question in the negative, finding that any inquiry of defense counsel by the court as to the basis for counsel's request for appointment of an expert would improperly invade the attorney-client confidential relationship.
The record reflects that respondent was charged with attempted first-degree murder and aggravated battery. Respondent was declared insolvent and a public defender was appointed to represent him. The public defender subsequently filed a motion for the appointment of a psychiatric expert pursuant to the provisions of Florida Rule of Criminal Procedure 3.216(a).[*] The trial court denied the motion on the ground that defense counsel had refused to communicate the underlying basis for the motion to both the court and counsel for the state. The district court, in granting the writ of mandamus, and in effect reversing the trial judge, found that under the rule the trial judge has no discretion to determine whether defense counsel has a reasonable basis to believe that appointment of a psychiatric expert is necessary to aid counsel in the defense of the case.
The state argues that both the prosecutor and the court should have all the information which forms the underlying basis for defense counsel's belief that appointment of an expert is necessary. The state contends that disclosure of such information is essential to the court's determination of the sufficiency of the allegations for the appointment of such an expert.
The rule is unequivocal that, when counsel for an indigent defendant has "reason to believe" that his client "may be incompetent to stand trial or that he may have been insane at the time of the offense," the defendant is entitled to have the court appoint one expert to assist in the preparation of his defense. Thus, as noted by the Second District in McKinniss v. State, 439 So.2d 302 (Fla. 2d DCA 1983), if the defendant is indigent and represented by court-appointed counsel who indicates a belief that the defendant may be incompetent to stand trial or that defendant may have been insane at the time of the offense, the threshold requirements of the rule are satisfied and "the rule gives no discretion to the trial court in acting to appoint an expert." Id. at 303.
The rule emphasizes that the expert "shall report only to the attorney for the defendant and matters related to the expert shall be deemed to fall under the lawyer-client privilege." Thus, once an expert is appointed, all matters related to that expert are confidential. The rule is designed to give an indigent defendant the same protection as afforded to a solvent defendant. Further, and as important, in many instances the basis for the request for such an expert is founded on communications between the appointed lawyer and his client. Any inquiry into those communications would clearly violate the basic attorney-client privilege. Any inquiry into *1009 counsel's basis to believe that his indigent client is incompetent to stand trial or was insane at the time of the offense also impermissibly subjects the indigent defendant to an adversary proceeding concerning issues which may be litigated in the trial of the cause. No solvent defendant would be subjected to this type of inquiry or proceeding.
We expect defense counsel for indigent clients to be responsible in their application for experts under the provisions of this rule. Clearly, it was not intended that defense counsel would be seeking the appointment of an expert in every case. Rather, it was intended that counsel would act under this provision only when his investigation and communication demonstrate a basis for such an appointment.
For the reasons expressed, we approve the holding of the district court in the instant case and we agree with the decision of the Second District Court of Appeal in McKinnis.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] Florida Rule of Criminal Procedure 3.216(a) provides:

(a) When in any criminal case counsel for a defendant adjudged to be indigent or partially indigent, whether public defender or court appointed, shall have reason to believe that the defendant may be incompetent to stand trial or that he may have been insane at the time of the offense, he may so inform the court who shall appoint one expert to examine the defendant in order to assist his attorney in the preparation of his defense. Such expert shall report only to the attorney for the defendant and matters related to the expert shall be deemed to fall under the lawyer-client privilege.