OVERTON, Justice.
This cause is before us on a petition for writ of mandamus. We have jurisdiction. Art. V, § 3(b)(8), Fla. Const.
Petitioner was charged with two counts of first-degree murder. He was adjudicated indigent and a public defender was appointed to represent him. The trial court, in response to petitioner’s motion pursuant to Florida Rule of Criminal Procedure 3.216(a), appointed a psychiatric expert to aid in the preparation of his defense.
The petitioner subsequently filed a motion for a court determination of competency to stand trial, pursuant to Florida Rule of Criminal Procedure 3.210, and a notice of intention to rely upon insanity as a defense. The trial court appointed two mental health professionals to examine petitioner for the court. Upon receiving their reports, the court found that petitioner was incompetent to stand trial and committed him to a treatment facility.
Subsequently, after re-evaluation, the court found that petitioner was competent to stand trial. Defense counsel then moved for the appointment of an expert to assist in the preparation of petitioner’s defense because the previously appointed expert had died in the interim. The trial court denied this motion, concluding that petitioner had already received the services of a court-appointed expert and was not entitled to the appointment of another expert.
Petitioner seeks a writ of mandamus requiring the respondent to appoint an expert *406 to assist in the preparation of his defense. We grant the relief sought. In our recent decision in State v. Hamilton, 448 So.2d 1007 (Fla.1984), we held that
when counsel for an indigent defendant has “reason to believe” that his client “may be incompetent to stand trial or that he may have been insane at the time of the offense,” the defendant is entitled to have the court appoint one expert to assist in the preparation of his defense.
Id. at 1008. We determined in Hamilton that rule 3.216(a) gives the trial court no discretion in acting to appoint an expert to assist in the preparation of a defense. The fact that the petitioner in the instant case had an appointed expert who later died does not control.
Accordingly, respondent is hereby directed to appoint a psychiatric expert to assist petitioner. We withhold the formal issuance of the writ of mandamus, however, because we believe the respondent will comply with our directions in this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN, McDonald, EHRLICH and SHAW, JJ., concur.