573 So.2d 149 (1991)
William HALL, Petitioner,
v.
Honorable L. Page HADDOCK, Circuit Judge, Fourth Judicial Circuit in and for Duval County, and State of Florida, Respondents.
No. 90-3759.
District Court of Appeal of Florida, First District.
January 11, 1991.
*150 Louis O. Frost, Jr., Public Defender, and James T. Miller, Asst. Public Defender, for petitioner.
Robert A. Butterworth, Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., for respondents.
PER CURIAM.
William Hall, petitioner before this court, is charged with burglary in the Circuit Court in and for Duval County. He has been adjudicated insolvent and the public defender was appointed to represent him in the trial court. The defendant's competency to stand trial was raised and two experts were appointed pursuant to Rule 3.210(b), Florida Rules of Criminal Procedure, to examine him. The order of appointment directed that Hall be evaluated both as to his competency to stand trial and his sanity at the time of the offense. Both experts found the defendant to be competent to stand trial and legally sane at the time of the burglary. Defendant, however, has not yet been adjudged competent to stand trial. Defense counsel moved the trial court for appointment of an expert to assist the defense on the issue of Hall's competency to stand trial, relying on Rule 3.216(a) and showing that the defendant had been found incompetent to stand trial in 1987 and that counsel was unable to communicate with his client. It was further alleged that the defendant showed no willingness to assist with his defense. The motion was denied, the trial court expressing the view from the bench that Rules 3.210 and 3.216 were mutually exclusive and that the defense had selected the former procedure. Hall then petitioned this court for a writ of mandamus, arguing that the trial court had erroneously denied his request for appointment of a defense expert. We issued an order to show cause and, having now received and considered the response, we grant the petition.
Petitioner argues that this proceeding is controlled by our supreme court's decision in State v. Hamilton, 448 So.2d 1007 (Fla. 1984), and we agree. There it was held that the terms of Rule 3.216 are mandatory and upon proper application a defense expert must be appointed. Although the relationship of Rules 3.210 and 3.216 were not discussed in Hamilton, we do not share the respondents' view that the facts of this case should cause us to reach a different result. We are also persuaded of the correctness of our result by the holding in Garron v. Bergstrom, 453 So.2d 405 (Fla. 1984). There, the defendant was appointed an expert to assist him and he was found incompetent to stand trial. When he was subsequently found competent he renewed his request because his previously-appointed defense expert had died in the interim. When the trial court denied the request, our supreme court found defendant was entitled to mandamus relief and directed the appointment to be made.
In the instant case the defendant's appointed counsel has expressed good faith concerns on the issue of his client's competency to stand trial and seeks a court-appointed expert to examine the defendant and assist the defense. Respondents argue that such "shopping" is impermissible, but we disagree. Rule 3.216 was obviously promulgated, at least in part, to address equal protection concerns:
The rule emphasizes that the expert "shall report only to the attorney for the defendant and matters related to the expert shall be deemed to fall under the lawyer-client privilege." Thus, once an expert is appointed, all matters related to that expert are confidential. The rule is designed to give an indigent defendant the same protection as afforded to a solvent defendant. Further, and as important, in many instances the basis for the request for such an expert is founded on communications between the appointed lawyer and his client. Any inquiry into those communications would clearly violate the basic attorney-client privilege. Any inquiry into counsel's basis to believe that his indigent client is incompetent to stand trial or was insane at the time of the offense also impermissibly subjects the indigent defendant to an adversary *151 proceeding concerning issues which may be litigated in the trial of the cause. No solvent defendant would be subjected to this type of inquiry or proceeding.
Hamilton, 448 So.2d 1008-09. Clearly, a solvent defendant would have the option to hire an expert to address concerns of competence to stand trial and testify at hearing even where court-appointed experts expressed the opinion that he is competent. See Fla.R.Crim.P. 3.212(a). The essence of respondents' position is that the defense is bound by the opinions of the court's experts on the issue of competence to stand trial. Although in many cases the defense may not choose to contradict the court's experts on this issue, we believe that it may and if the defendant is insolvent he is entitled to appointment of an expert in accordance with Rule 3.216(a). Under the circumstances presented here, we find Hall was entitled to an expert to assist in his defense and that the motion for such an appointment was improperly denied. We therefore grant the petition and direct the respondent circuit judge to make an appointment in accordance with Rule 3.216(a).
PETITION GRANTED.
SHIVERS, C.J., and SMITH and ALLEN, JJ., concur.