PER CURIAM.
We reverse appellant’s conviction and remand for new trial, having concluded that the trial court’s refusal to continue appellant’s competency hearing was an abuse of discretion.
Florida Rule of Criminal Procedure 3.216(a) provides:
(a) Expert to Aid Defense Counsel. When in any criminal case counsel for a defendant adjudged to be indigent or partially indigent, whether public defender or court appointed, shall have reason to believe that the defendant may be incompetent to proceed or that the defendant may have been insane at the time of the offense or probation or community control violation, counsel may so inform the court who shall appoint 1 expert to examine the defendant in order to assist counsel in the preparation of the defense. The expert shall report only to the attorney for the defendant and matters related to the expert shall be deemed to fall under the lawyer-client privilege.
(Emphasis added).
As appellant points out, an indigent defendant’s right to have a confidential expert appointed is premised upon constitutional guarantees of equal protection. See State v. Hamilton, 448 So.2d 1007, 1008 (Fla.1984); Hall v. Haddock, 573 So.2d 149, 150 (Fla. 1st DCA 1991). Even if the two other experts appointed by the court agree that the defendant is competent to proceed, the defense is still entitled to have its confidential expert. Hall, 573 So.2d at 150-51.
In this case, the trial court appointed a confidential expert. Between the date of the confidential expert’s appointment and the competency hearing which the trial court refused to continue, there were a number of events attributable to a lack of smooth communication involving the appointed doctor, defense counsel and Court Projects, which coordinated the logistics of expert witnesses, rather than an absence of effort by any of them to meet the above hearing date.
As a result, appellant was unable to obtain an examination and evaluation by the confidential expert as of the hearing date, notwithstanding his unequivocal right to the services of a confidential expert; and the trial court found him competent to stand trial, based on the two experts’ opinions at the hearing held on that date. The appointed confidential expert had been retained because of his expertise in cancer metastasis of the brain. Ironically, one of the experts testified that an MRI should be done to determine the extent of metastasis.
Appellant persuasively argues that the trial court’s failure to continue the competency hearing constituted an abuse of discretion because such action had the effect of denying appellant the use of his constitutionally guaranteed confidential expert and deprived him of a reasonable opportunity to prepare for *1132 the competency hearing in terms of presenting evidence and challenging the opinions of the other experts.
An issue regarding an instruction has also been argued here. At trial, appellant objected to anything other than the standard instruction. Here, appellant persuasively argues why the additional instruction should not have been given. On retrial, it should not be given.
GLICKSTEIN and STEVENSON, JJ., concur.
STONE, J., dissents with opinion.