745 So.2d 1141 (1999)
Kendrick Bernard JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2555.
District Court of Appeal of Florida, First District.
December 21, 1999.
*1142 Nancy A. Daniels, Public Defender, and Judith Dougherty Hall, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, James W. Rogers, Bureau Chief, Criminal Appeals, and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
BARFIELD, C.J.
Appellant challenges his conviction of carjacking with a firearm, asserting that the trial judge erred in denying his motion for judgment of acquittal because the state failed to prove he had the intent to steal the 1973 Pontiac, and that his actions constituted, at most, attempted carjacking. We affirm.
In addition to the carjacking offense, appellant was convicted of burglary of a 1986 Cadillac, grand theft of the Cadillac, and fleeing a police officer. At the close of the state's case, defense counsel had sought a judgment of acquittal "on the grounds that it should not go to the jury because the evidence has not been shown to be beyond and to the exclusion of every reasonable doubt that the defendant is guilty of Counts I through IV charged in the information." The motion was denied without further discussion. The renewed motion at the close of the case was also denied.
Appellant does not challenge the other three convictions, but he contends the record demonstrates that he did not intend to steal the Pontiac, which was blocking the stolen Cadillac, and that when he could not start the Pontiac, he threw the car keys back at the Pontiac's owner and made him move it. The state asserts that this argument was not presented to the trial court by the "barebones" motion for judgment of acquittal, and therefore cannot be presented for the first time on appeal, citing section 924.051(1)(b), Florida Statutes (1997), and cases from the Florida Supreme Court and from this court.[1] Appellant argues that the issue was preserved by the motion for judgment of acquittal, but that in any case, it is fundamental error when the state fails to prove an element of a crime, citing K.A.N. v. State, 582 So.2d 57 (Fla. 1st DCA 1991), and Johnson v. State, 737 So.2d 555 (Fla. 1st DCA 1999).
We reject appellant's contention that his motion for judgment of acquittal adequately preserved the argument that the state failed to prove all the elements of the offense of carjacking,[2] and we also reject his "fundamental error" argument. A careful reading of section 812.133, Florida *1143 Statutes (1997), undermines the assertion that his actions with regard to the Pontiac could not have constituted carjacking as a matter of law. The language in K.A.N., upon which he relies for the proposition that the state's failure to prove all the elements of a charged offense constitutes "fundamental error" which may be raised for the first time on appeal, conflicts with the supreme court's opinions in State v. Barber, 301 So.2d 7 (Fla.1974), and Woods v. State, 733 So.2d 980 (Fla.1999). His reliance on Johnson, which did not involve the issue of the state's failure to prove the elements of an offense, is misplaced.
Even if we were to address the substantive argument presented for the first time on appeal, we would find that the record contains sufficient evidence from which the jury could find that appellant took the Pontiac from the person or custody of its owner when he took the car keys from the owner, excluded him from control of the Pontiac, and attempted to start the vehicle; that he intended to at least temporarily, if not permanently, deprive the owner of possession or custody of the Pontiac; and that during the course of the taking he used force, violence, assault, or put the owner in fear by use of a firearm. Were we to rule on this issue, we would reject appellant's contention that conviction of carjacking requires, in every instance, proof that the vehicle was driven away.
AFFIRMED.
WOLF, J., CONCURS. ERVIN, J., CONCURS IN RESULT.
NOTES
[1] State v. Barber, 301 So.2d 7 (Fla.1974); Steinhorst v. State, 412 So.2d 332 (Fla.1982); Ogletree v. State, 525 So.2d 967 (Fla. 1st DCA), rev. denied, 534 So.2d 400 (Fla.1988); Williams v. State, 531 So.2d 212 (Fla. 1st DCA 1988); Showers v. State, 570 So.2d 377 (Fla. 1st DCA 1990).
[2] See Tillman v. State, 471 So.2d 32 (Fla. 1985), and the opinions cited in footnote 1. See also, Archer v. State, 613 So.2d 446 (Fla. 1993); Brumbley v. State, 350 So.2d 827 (Fla. 1st DCA 1977); Hornsby v. State, 680 So.2d 598 (Fla. 2d DCA 1996).