806 So.2d 576 (2002)
Mark BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4848.
District Court of Appeal of Florida, Second District.
January 30, 2002.
Shea T. Moxon, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne S. Weiner, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Mark Brown appeals his convictions and sentences for aggravated battery with a weapon, attempted second-degree murder with a weapon, carjacking with a deadly weapon, robbery with a deadly weapon, and attempted robbery with a deadly weapon. We affirm Brown's convictions but remand for resentencing because the trial court erred in enhancing the degree *577 and offense level of the aggravated battery based on the use of a weapon and in designating that the sentence for the aggravated battery count was to run consecutive to the life sentence imposed.
Brown's offenses occurred on December 20, 1998. On that date, he entered a trailer occupied by Harold Nicholson and Peggy Brackin and announced, "This is a robbery." Brown proceeded to attack Nicholson and Brackin with a knife and a table leg. During the attack, Brown demanded the victims' money and car keys. Brackin gave Brown several one-hundred dollar bills and her car keys. Brown then ran out the door and fled in the victims' Lincoln, which was parked near the rear of the trailer.
Brown argues first that the robbery and the carjacking were the same offense and that the dual convictions violate the constitutional proscription against double jeopardy. In the information, the State alleged that Brown robbed the victims by taking their money and car keys. Brown asserts that robbery and carjacking are the same offense because the money and keys were taken with only one use of force, no additional force was used to take custody of the car, and there was no temporal break between the time that Brown took the keys and drove away with the car. The Florida Supreme Court has recently held that the Double Jeopardy Clause does not prohibit dual convictions for robbery and carjacking arising from the same criminal episode when the indictment for robbery lists property other than a motor vehicle. Cruller v. State, 808 So.2d 201 (Fla.2002). Based on the supreme court's decision in Cruller, therefore, we reject Brown's double jeopardy claim.
Brown next argues that the trial court erred in enhancing the degree and offense level of the aggravated battery conviction pursuant to the weapon enhancement provision in section 775.087(1)(b), Florida Statutes (1999).[1] Brown claims that the use of a weapon was an essential element of the offense. We agree. In count one, the information charged Brown with attempted first-degree murder by striking Peggy Brackin with a table leg. The jury returned a verdict of guilty for the permissive lesser-included offense of aggravated battery with a weapon. Because the use of a weapon was an essential element of the offense alleged in count one, the trial court erred in reclassifying the degree and offense level of that charge on the Criminal Punishment Code scoresheet. See Brown v. State, 787 So.2d 58 (Fla. 2d DCA 2001). Accordingly, on remand, the trial court should score the aggravated battery as a second-degree felony with an offense level of seven.
Brown further argues that the trial court erred in imposing a life sentence for the offense of attempted second-degree murder with a weapon in count two and a consecutive sentence for the offense of aggravated battery with a weapon in count one. Because Brown's total points were greater than 363, the trial court was authorized to sentence Brown to life imprisonment pursuant to the Criminal Punishment *578 Code, section 921.0024(2), Florida Statutes (1999). Brown asserts, however, that the trial court was not authorized to run the statutory maximum sentence of thirty years for the aggravated battery offense consecutive to the life sentence. The State concedes error. Accordingly, on remand, should the trial court impose a life sentence based on Brown's point total, the sentence imposed on any other count must be run concurrent with the life sentence.
We reject without discussion the other issues raised by Brown on appeal.
Reversed and remanded.
STRINGER, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] Section 775.087(1), Florida Statutes (1999), provides that whenever a person is charged with a felony, except for a felony in which the use of a weapon or firearm is an essential element of the offense, if the defendant used, carried, or displayed a weapon during the commission of the felony, then the offense shall be reclassified. A second-degree felony shall be reclassified to a first-degree felony. See § 775.087(1)(b). On the Criminal Punishment Code scoresheet, the offense shall be ranked one level higher than is provided in the offense ranking chart. See § 775.087(1).