816 So.2d 738 (2002)
Darius Donard PRICE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-2490.
District Court of Appeal of Florida, Third District.
May 8, 2002.
*739 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Erin K. Zack, Assistant Attorney General, for appellee.
Before GODERICH, GREEN and SORONDO, JJ.
SORONDO, J.
Darius Donard Price, defendant, appeals his conviction for the crime of carjacking.
Defendant was arrested on January 5, 1998, the day the crime alleged in the Information was committed. The Public Defender was appointed to represent defendant on January 6, 1998. For reasons that are unclear from the record, the Public Defender was discharged on February 10, 1999 and private counsel was appointed.
Our review of the record reveals that after many defense continuances, the trial of this case was scheduled for June 12, 2000. On May 19, 2000, less than thirty days before trial, defense counsel orally requested an evaluation of the defendant to determine his competency to stand trial. He further requested the appointment of an expert to assist the defense on the issue of defendant's competency. The trial court ordered a court appointed expert to evaluate defendant's competence but denied the motion to appoint a defense expert.
Pursuant to the judge's order, a psychiatrist evaluated defendant on May 23, 2000, and found him competent to stand trial. On May 24, 2000, defense counsel again moved for the appointment of a defense mental health expert. The court directed counsel to file a written motion. On June 7, 2000, defense counsel filed a written motion seeking the appointment of a defense expert pursuant to the provisions of Florida Rule of Criminal Procedure 3.216(a). The motion was denied. Defense counsel then moved for the appointment of a second court expert. This motion was also denied.
*740 On June 9, 2000, the trial judge reconsidered his last ruling and appointed a second court expert to evaluate the defendant's competence to stand trial. The order requested an expedited evaluation returnable on or before June 12, 2000, the scheduled trial date. This order was apparently entered without the knowledge of defense counsel.
Immediately prior to the commencement of trial, the court took testimony from the second mental health expert who had evaluated the defendant. Defense counsel objected to the proceeding and noted, first, that he had not been notified that the court had reversed its earlier ruling and appointed a second court-appointed expert. Second, he advised the court that he had not received the expert's report and was consequently unprepared to cross-examine her.[1] The court noted defense counsel's objection and conducted a hearing. Based on the testimony of both mental health experts, the court found the defendant competent to stand trial.
Defendant appeals his conviction and argues that under rule 3.216(a), he was entitled to have an expert appointed to help his attorney in the preparation of his defense. We agree and reverse.
In State v. Hamilton, 448 So.2d 1007, 1008 (Fla.1984), the Florida Supreme Court held that when an appointed attorney advises the trial court that he or she has reason to believe that his or her indigent client is incompetent to stand trial and requests the appointment of a defense expert pursuant to rule 3.216(a), the court has no discretion and the appointment is mandatory. In Hamilton, the trial judge had refused to appoint a defense expert because defense counsel had refused to explain the underlying basis for the motion to the court. The Supreme Court noted that the purpose of the rule is to give the indigent defendant the same protection as the solvent defendant. Observing that no solvent defendant would be subject to this type of inquiry, the court disallowed any similar inquiry to an indigent defendant. Simply stated, where the request is made, it must be granted. See also Artiles v. State, 691 So.2d 1130, 1131 (Fla. 4th DCA 1997)("As [defendant] points out, an indigent defendant's right to have a confidential expert appointed is premised upon the constitutional guarantees of equal protection. Even if the two other experts appointed by the court agree that the defendant is competent to proceed, the defense is still entitled to have its confidential expert.") (citations omitted); Hall v. Haddock, 573 So.2d 149 (Fla. 1st DCA 1991); McKinniss v. State, 439 So.2d 302 (Fla. 2d DCA 1983). As rule 3.216(a) gives no discretion to the trial court in appointing an expert for the defense upon proper application, we reject the state's harmless error analysis, which is based on the fact that the two court appointed experts found defendant competent.
Because this case will have to be retried, we briefly address defendant's two other issues. First, defendant argues that some of the prosecutor's comments in closing were improper and violated the trial court's pre-trial order in limine. Specifically, by way of pre-trial order, the court forbade any mention of the fact that defendant had been involved in an armed robbery shortly before the commission of the crime in this case. During closing argument, the prosecutor, apparently discussing the chronology of events that led to the alleged carjacking, said to the jury:

*741 [PROSECUTOR]: It is not like television w[h]ere we are going to hear the whole story from the beginning to the end. There's no videotape here. The proof is the people that took the stand, [the witness], [the victim], all of those people.

In fact, I can't talk to you about anything that occurs over here, the only testimony that is relevant in the case and the only thing that
[DEFENSE COUNSEL]: Now, wait just a minute. May we come sidebar?
[THE COURT]: No, you may not come sidebar. No, you may not. Have a seat.
[DEFENSE COUNSEL]: I object and move for a mistrial.
[THE COURT]: Denied. Overruled.
[PROSECUTOR]: ... Nothing before here is being made known to you.

[THE COURT]: Sustained.
[DEFENSE COUNSEL]: Your Honor, I object.
[THE COURT]: Counsel, move forward.
The trial judge ultimately described the prosecutor's comment as "brainless."
Although the prosecutor did not specifically tell the jury about the robbery in question, the comment violated the spirit of the court's order on the motion in limine and suggested to the jury that they were not being told the whole story. Assuming that the trial court does not revisit its limine ruling, no such comments will be made on retrial.
Finally, defendant argues that he was improperly convicted of carjacking, where the evidence was only sufficient to establish the offense of attempted carjacking. This argument is based on the fact that defendant never actually drove away in the car, thus the element of "taking" was never proven. Defendant reasons that like the crime of robbery, which requires asportation of the object of the offense, carjacking requires the moving of the car in question. We disagree.
In this case, defendant ran up to the victim as she was getting into her car. He demanded and received the keys to the car at gunpoint, entered the car, locked the doors, and tried to start it. Because of what appears to have been a defect in the keys, he was unable to do so. Shortly thereafter he was grabbed by witnesses, disarmed, and held until the police arrived. We conclude that the taking of the car keys satisfied the "taking" element of the statute. Section 812.133, Florida Statutes (1997), does not require the accused's successful departure from the crime scene in the victim's car.
In James v. State, 745 So.2d 1141, 1142 (Fla. 1st DCA 1999), the court held that defendant's "barebones" motion for judgment of acquittal was not sufficient to preserve the issue for appellate review. The court went on to say:
Even if we were to address the substantive argument presented for the first time on appeal, we would find that the record contains sufficient evidence from which the jury could find that appellant took the Pontiac from the person or custody of its owner when he took the car keys from the owner, excluded him from control of the Pontiac, and attempted to start the vehicle; that he intended to at least temporarily, if not permanently, deprive the owner of possession or custody of the Pontiac; and that during the course of the taking he used force, violence, assault, or put the owner in fear by use of a firearm. Were we to rule on this issue, we would reject appellant's contention that conviction of carjacking requires, in every instance, proof that the vehicle was driven away. *742 Id. at 1143. We agree with our sister court's reasoning.
We reverse the defendant's conviction and remand for a new trial.
Reversed and remanded.
NOTES
[1] In fact, the expert had not had time to prepare her report due to the expedited nature of the request.