833 So.2d 174 (2002)
Daryl Gene STANFORD, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-2102.
District Court of Appeal of Florida, Third District.
November 20, 2002.
*175 Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Assistant Public Defender, for appellant.
Richard E. Doran, Attorney General and Linda S. Katz, Assistant Attorney General, for appellee.
Before JORGENSON, GREEN, and FLETCHER, JJ.
GREEN, J.
Daryl Gene Stanford appeals his convictions and sentences for dealing in stolen property and giving false verification of ownership to a pawnbroker entered pursuant to a jury verdict. His sole contention on this appeal is that the evidence adduced at trial was insufficient to support the offense of giving false verification of ownership to a pawnbroker as a second-degree felony. He claims, as a matter of fundamental error, that he is entitled to have his conviction on this count reduced to a third degree felony and this cause remanded for resentencing. We agree.
Stanford proceeded to jury trial on the charges of grand theft third degree; dealing in stolen property; and pawnbroker/false verification/altered ID/$300 or more. The evidence presented in the light most favorable to the state revealed that Stanford pawned three items, a Black and Decker buffer, a paint spray gun and a small Casio TV at a South Dade pawnshop. The victim, Michael Lloyd identified these items as belonging or entrusted to him and testified that they had been missing from a storage location where Stanford had previously done work for the property owner. The undisputed evidence showed that Stanford received a total of $70 from the pawnbroker for all of the property pawned.
At the close of the state's case in chief, defense counsel moved for a judgment of acquittal on the general grounds that "the state has failed to prove its burden by the preponderance of the evidence." After the state rested, this same motion was renewed by defense counsel.
The jury acquitted Stanford of the grand theft charges, but convicted him of dealing in stolen property, a second degree felony not dependent on value; see section 812.019(1), Fla. Stat. (1999); and giving false verification of ownership to a pawnbroker, also a second degree felony; see section 539.001(8)(b)8.b., Fla. Stat. (1997). Stanford was sentenced to a split sentence of three years imprisonment followed by a term of three years probation.
Stanford's sole contention on this appeal is that the undisputed evidence established that he only received $70 for the items pawned, and therefore his second degree felony conviction for giving false verification of ownership or alleged identification of ownership cannot stand and must be reduced to a third degree felony *176 under section 539.001(8)(b)8. That section provides that:
[a]ny person who knowingly gives false verification of ownership or gives a false or altered identification and who receives money from a pawnbroker for goods sold or pledged commits:
a. If the value of the money received is less than $300, a felony of the thirddegree...
b. If the value of the money received is $300 or more, a felony of the seconddegree...
The state responds that this issue, on the sufficiency of the evidence, has not been preserved for appellate review where, as here, the defense counsel only offered a "boiler plate/bare bones" motion for judgment of acquittal at the trial below. See Stephens v. State, 787 So.2d 747, 753 (Fla. 2001); Hayes v. State, 780 So.2d 918, 919 (Fla. 1st DCA 2001); Brandon v. State, 768 So.2d 1189, 1190 (Fla. 3d DCA 2000); Sanders v. State, 765 So.2d 778 (Fla. 1st DCA 2000); Whitfield v. Singletary, 730 So.2d 314 (Fla. 3d DCA 1999); James v. State, 745 So.2d 1141, 1142 (Fla. 1st DCA 1999). Moreover, the state maintains that the error raised on this appeal does not constitute fundamental error which may be raised for the first time on appeal. While we agree with the State that the motion for judgment of acquittal made below was insufficient to preserve this issue, we nevertheless find that the error challenged on this appeal is fundamental. See Troedel v. State, 462 So.2d 392, 394 (Fla.1984) (conviction imposed upon a crime totally unsupported by evidence has been found to constitute fundamental error); Stanton v. State, 746 So.2d 1229, 1231 (Fla. 3d DCA 1999) (same). But see Sanders v. State, 765 So.2d 778 (Fla. 1st DCA 2000) (both of which hold that the state's failure to prove all elements of a charged offense does not constitute "fundamental error" which may be raised for the first time on appeal) citing James v. State, 745 So.2d 1141, 1142-43 (Fla. 1st DCA 1999).[1] Moreover Stanford correctly points out the fundamental nature of such error includes the state's failure to prove value where proof of such value is necessary to sustain a higher grade of offense. See E.R. v. State, 806 So.2d 529 (Fla. 2d DCA 2001); T.E.J. v. State, 749 So.2d 557 (Fla. 2d DCA 2000). Thus, in this case, where the evidence established that Stanford received an amount less than $300 (i.e.$70) for property pawned, his conviction for a second degree felony, pursuant to Section 539.001(8)(b)8(b), is fundamentally erroneous and cannot stand. Thus, he must be resentenced to a third degree felony.
In reversing his conviction and remanding for resentencing, Stanford further asserts, and the State properly concedes, that since there is a reasonable possibility that the improper gradation of the appellant's conviction under Section 539.001(8)(b)8 may have influenced the trial court's sentencing of the remaining conviction as well, we should remand this entire case for resentencing. See Lopez v. *177 State, 811 So.2d 815 (Fla. 2d DCA 2002); Mohn v. State, 723 So.2d 873 (Fla. 2d DCA 1998). We therefore reverse the appellant's second degree felony conviction and remand with instructions that it be reduced to a third degree felony conviction and that this entire cause be subject to a resentencing hearing.
Reversed and remanded with instructions.
NOTES
[1] In reaching its conclusion, the First District in James noted that the proposition that the state's failure to prove all the elements of a charged offense constitutes "fundamental error" which may be raised for the first time on appeal, conflicts with the supreme court's opinion in Woods v. State, 733 So.2d 980 (Fla.1999) and State v. Barber, 301 So.2d 7 (Fla.1974). See 745 So.2d at 1143. We respectfully disagree. In fact, both Woods and Barber stand for the proposition that a challenge to the sufficiency of the evidence may not be raised for the first time on appeal. There is a distinction, we think, between a challenge to the sufficiency of the evidence and a challenge to the state's absolute failure to prove an essential element of the charged offense. For that reason, we disagree with First District's holding in Sanders and James and certify conflict.