853 So.2d 566 (2003)
Alexander FLORES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-2522.
District Court of Appeal of Florida, Third District.
September 3, 2003.
*567 Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Jill K. Traina, Assistant Attorney General, for appellee.
Before GERSTEN, GREEN, and RAMIREZ, JJ.
GREEN, J.
Alexander Flores appeals his convictions and sentences for burglary of an occupied structure, kidnaping, false imprisonment, robbery, theft, and carjacking entered pursuant to a jury verdict. He essentially asserts that he was denied a fair trial because the trial court impermissibly allowed the State to introduce "Williams Rule"[1] evidence to establish his identity when identity was not at issue in this case, and evidence of an uncharged crime when that evidence was not inextricably intertwined with the offenses charged. He further contends that the trial court erred in not reducing the carjacking charge to grand theft auto pursuant to his motion for judgment of acquittal where the evidence viewed in the light most favorable to the State failed to establish that force or violence was used at the time of his taking of the victim's car. We agree and reverse for a new trial and for a reduction of the carjacking charge to grand theft auto.
All of the charges in the instant case stem from a July 24, 1999, incident wherein Flores entered the back door of a beauty salon owned by the victim, Gloria Gallardo. Flores asked Mrs. Gallardo for a glass of water. She told him no and instructed him to leave. Flores left and Mrs. Gallardo locked the door. Flores entered the front door of the salon moments later wielding a brick or roof tile and announced to Mrs. Gallardo and her five salon customers that it was a "hold up." Flores claimed that he needed money to hire a lawyer for legal problems arising out of an incident with his daughter's boyfriend. Flores took the purses of Mrs. Gallardo and a customer and ordered all of them into the bathroom of the salon. He blocked the door to the bathroom with a washer. Flores took the keys to Mrs. Gallardo's car, went outside, and left the area in her car.
Flores was arrested several days later and charged with armed burglary, two counts of kidnaping with a weapon, two counts of armed robbery, and one count of carjacking. After being Mirandized,[2] Flores admitted to his involvement in the crimes committed at Mrs. Gallardo's salon. At the same time, Flores was charged with two other unrelated cases that were not included in the information in this case. Flores' primary defense below was that of voluntary intoxication.
Prior to trial, the State filed an amended notice of intent to rely on evidence of other crimes, wrongs or acts, or Williams rule evidence. The first crime the State intended to offer as evidence took place on July 13, 1999, eleven days prior to the Gallardo incident, at the home of Teresa Andelo. Flores entered Mrs. Andelo's home armed with a knife, and confined her to a closet by placing a dresser drawer in front of the closet door. He told Mrs. Andelo that he was in desperate need of money to leave town because he had done *568 harm to someone who had molested his daughter. He took Mrs. Andelo's money, jewelry and car.
The second crime the State intended to offer as evidence took place after the Gallardo incident on July 25, 1999, where Flores unlawfully entered an automobile owned and occupied by Josephine Korge. Armed with a pistol, Flores robbed Ms. Korge of her jewelry, wallet and keys while confining her. He also told Ms. Korge that he was in need of money because of his troubles with the law involving his daughter's boyfriend.
The defense filed a pre-trial motion in limine seeking the exclusion of these unrelated crimes. At the hearing on this motion, the State acknowledged that both Ms. Korge and Mrs. Andelo identified the same photograph of Flores in a photo lineup. The prosecutor further stated that Flores had given a videotaped statement admitting to the three cases involving Mrs. Andelo, Mrs. Gallardo and Ms. Korge. The State nevertheless sought to introduce evidence of the two unrelated crimes to prove Flores' identity. According to the State's argument, the circumstances were sufficiently similar to make them admissible to corroborate the correctness of the identification of the victim (i.e., Mrs. Gallardo) in this case.
After the hearing, the trial court denied Flores' motion in limine and ruled that the prior crimes committed by Flores against Mrs. Andelo were admissible Williams rule evidence because they were relevant to prove identity since the statements made by Flores to Mrs. Andelo, as well as his method of confining her, were uniquely similar to his commission of the crimes in the instant case. The trial court likewise found that the crimes committed against Ms. Korge were relevant and admissible because they were inextricably intertwined with the crimes committed in this case. Specifically, when Mrs. Gallardo's stolen car was returned to her, Ms. Korge's wallet and other belongings were found in the backseat.
Thus, during the trial below, the State was permitted to introduce the uncharged crimes involving Mrs. Andelo and Ms. Korge over objection by the defense that it was being elicited for the sole purpose of demonstrating that Flores was a bad person who had the propensity to commit crimes. In this regard, it was most telling that during Mrs. Gallardo's testimony, the State never elicited the fact that Flores had told her that he was committing the crimes because he needed money to hire an attorney. The trial court specifically instructed the jury that it was to consider the Williams rule evidence solely on the issue of identity.
At the conclusion of the State's case, the defense argued, among other things, that the carjacking charge should be reduced to grand theft since the taking of the car occurred after the completion of the robbery. The defense reasoned that since Mrs. Gallardo's car was taken without the use of force, the crime was grand theft and not carjacking. The trial court denied this motion.
The jury returned its verdict finding Flores guilty of burglary of an occupied structure, kidnaping, false imprisonment, robbery, theft and carjacking. The court adjudicated Flores a habitual violent felon and sentenced him accordingly. This appeal followed.
Flores first asserts that the trial court abused its discretion when it permitted the introduction of two uncharged crimes as Williams rule evidence to establish identity pursuant to section 90.404(2)(a), Florida *569 Statutes (1999).[3]Duffey v. State, 741 So.2d 1192, 1196 (Fla. 4th DCA 1999); Townsend v. State, 420 So.2d 615, 617 (Fla. 4th DCA 1982). Such evidence, however, is inadmissible if its sole relevance is to establish the defendant's bad character or propensity to commit crimes. See Heuring v. State, 513 So.2d 122, 124 (Fla.1987).
Here, we agree with the appellant that the trial court abused its discretion by allowing the State to introduce evidence of uncharged crimes, pursuant to the Williams rule, to establish identity when identity was not at issue in this case. Given the fact that the defense at trial was that of voluntary intoxication, it may very well be that this evidence might be admissible for another purpose.[4] We cannot, nevertheless, find its admission to be harmless where the jury was specifically instructed to consider it solely for the purpose of identification.
We also agree with the appellant's contention that the trial court abused its discretion in permitting the State to introduce evidence that the belongings from a subsequent robbery victim (i.e., Ms. Korge) were found in Mrs. Gallardo's stolen car upon its return. We reject the State's argument that such evidence was admissible because it was inextricably intertwined with the offenses charged in this case. See, e.g., Griffin v. State, 639 So.2d 966, 968 (Fla.1994) (finding that evidence which is inextricably intertwined with the crime charged "is admissible under section 90.402 because `it is a relevant and inseparable part of the act which is in issue.... [I]t is necessary to admit the evidence to adequately describe the deed.'")(quoting Charles W. Ehrhardt, Florida Evidence § 404.17 (1993 ed.)); Shively v. State, 752 So.2d 84, 85 (Fla. 5th DCA 2000)(holding that "[e]vidence necessary to describe the manner in which a criminal offense took place or how it came to light is generally admissible" as inextricably intertwined with the underlying offense because, without this evidence, the State would be unreasonably hampered in the presentation of its case). The fact that Mrs. Gallardo discovered someone else's wallet in her stolen car upon its return does nothing to explain the manner in which the offenses in this case took place or how the appellant's involvement in the crimes against Mrs. Gallardo came to light. Therefore, the trial court abused its discretion in allowing the State to present evidence of this subsequent crime to the jury.
Finally, we agree with the appellant's argument that his carjacking charge should be reduced to grand theft. Carjacking has been defined in section 812.133(1), Florida Statutes (1999), as follows:
"Carjacking" means the taking of a motor vehicle which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the motor vehicle, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
The plain language of this statute requires the use of force, violence, assault, or putting in fear during the course of the taking of the motor vehicle.
*570 According to the undisputed facts of this case, the use of force, violence, assault, or putting in fear was used by the appellant during the course of the robbery of the victim's purse in the salon, but not at the time of his subsequent theft of the victim's automobile outside. Indeed, the victim in this case was most likely unaware of the theft of her car due to her confinement in the bathroom.[5] We do not believe that the legislature intended for the carjacking statute to be extended to such facts. Cf. Price v. State, 816 So.2d 738 (Fla. 3d DCA 2002)(finding that the defendant could properly be convicted of carjacking where he demanded and retrieved the victim's car keys at gunpoint as the victim was getting into her car, even though the defendant was unsuccessful in starting the car due to a defect in the keys). We therefore conclude that this carjacking charge must be reduced to grand theft of an automobile.
For all of these reasons, we reverse and remand for a new trial consistent with this opinion.
NOTES
[1] See Williams v. State, 110 So.2d 654 (Fla. 1959), codified at § 90.404, Fla. Stat.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] That statute, which codified the holding in Williams v. State, 110 So.2d 654, 659 (Fla. 1959), states that:

Similar fact evidence of other crimes, wrongs or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
[4] A matter which we decline to address at this juncture.
[5] Additionally, given the appellant's announced reason for the holdup of the salon, it appears that his theft of the victim's car was a fortuitous event occasioned only upon his subsequent discovery of the car keys in her purse as he searched for money.