968 So.2d 1061 (2007)
Quincy WILLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3566.
District Court of Appeal of Florida, Second District.
December 5, 2007.
*1062 James Marion Moorman, Public Defender, and Ray Shaw, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
GREEN, OLIVER, L., Senior Judge.
Quincy Willis appeals his convictions after jury trial for robbery with a firearm and carjacking with a firearm, claiming that the convictions violate double jeopardy because robbery is a lesser-included offense of carjacking and they both arose from the same criminal episode. We affirm because the count of the information charging robbery listed property other than the motor vehiclei.e., the victim's cell phone, watch, wallet, and moneyand the evidence showed that Willis robbed the victim of his personal effects as well as his motor vehicle. See Cruller v. State, 808 So.2d 201, 204 (Fla.2002) ("[W]hen a defendant forcefully takes several items of property, one of which is a motor vehicle, it is clear that the Legislature intended to punish the act of taking the car separately from any other property taken during the robbery."); Brown v. State, 806 So.2d 576, 577 (Fla. 2d DCA 2002) (relying on Cruller in rejecting double jeopardy argument and affirming dual convictions for carjacking and robbery where information charged that defendant "robbed the victims by taking their money and car keys").
Affirmed.
ALTENBERND and VILLANTI, JJ., Concur.