979 So.2d 1091 (2008)
Erlis BAPTISTE-JEAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-2041.
District Court of Appeal of Florida, Third District.
April 9, 2008.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Lisa A. Davis, Assistant Attorney General, for appellee.
Before RAMIREZ and SALTER, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
The only salient issue on this appeal from multiple convictions and life sentences stemming from a brutal home invasion burglary-robbery-kidnapping concerns the validity of the defendant's conviction for carjacking under section 812.133, Florida Statutes (2003). The statute provides:

*1092 (1) "Carjacking" means the taking of a motor vehicle which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the motor vehicle, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
. . . .
(3)(a) An act shall be deemed "in the course of committing the carjacking" if it occurs in an attempt to commit carjacking or in flight after the attempt or commission.
(b) An act shall be deemed "in the course of the taking" if it occurs either prior to, contemporaneous with, or subsequent to the taking of the property and if it and the act of taking constitute a continuous series of acts or events.
The issue is presented by the facts that after tying and beating the victim while attempting to discover the location of valuables in his home, Baptiste-Jean and an accomplice pulled his car keys from his pocket, continued to beat him, and left the house taking the stolen items with them. Then, after loading the car which was parked in the driveway, the perpetrator started the vehicle with the keys and drove away.
We conclude that, at the least, a jury question was presented as to whether these facts fall within the carjacking statute. Specifically, we reject the defendant's argument, based largely on Flores v. State, 853 So.2d 566 (Fla. 3d DCA 2003), that the forcible taking of the keys within the home must be conceptually separated from the arguably non-forcible taking of the vehicle outside it so that it should not be said that the car was forcibly "jacked." To the contrary, while the violence involved in taking the keys may have indeed occurred "prior to" stealing the car, it took place within a logically interrelated "continuous series of acts or events," and thus "in the course of the taking" of the vehicle itself as provided in subsection 812.133(3)(b). See Price v. State, 816 So.2d 738 (Fla. 3d DCA 2002); Brown v. State, 806 So.2d 576 (Fla. 2d DCA 2002); James v. State, 745 So.2d 1141 (Fla. 1st DCA 1999); Cruller v. State, 745 So.2d 512 (Fla. 3d DCA 1999), approved, 808 So.2d 201 (Fla.2002); Smart v. State, 652 So.2d 448 (Fla. 3d DCA 1995), review denied, 660 So.2d 714 (Fla.1995). On this basis, the case is very much like Ward v. State, 730 So.2d 728 (Fla. 1st DCA 1999), disapproved on other grounds by Cruller v. State, 808 So.2d 201 (Fla. 2002), in which car keys were forcibly taken from a supermarket shopper as she was returning a shopping cart before going back to her parked car. See also Price, 816 So.2d at 741; Brown, 806 So.2d at 578; James, 745 So.2d at 1143; Cruller, 745 So.2d at 512; Smart, 652 So.2d at 448.
On the other hand, the case so heavily relied on by the defendant, Flores, 853 So.2d at 566, involved a far more attenuated connection between the takings of keys and car. Thus, the court noted that while keys had been taken from the victim's purse within her business and then used to take a car outside the establishment, "the victim . . . was most likely unaware of the theft of her car due to her confinement in the bathroom," id. at 570, and that "given the appellant's announced reason for the holdup of the salon, it appears that his theft of the victim's car was a fortuitous event occasioned only upon his subsequent discovery of the car keys in her purse as he searched for money." Id. at 570 n. 5. Neither of these circumstances applies to this case in which the keys were forcibly taken directly from the victim's person and the car was stolen with the victim's knowledge  indeed, within his hearing.
*1093 It is also significant that the Flores court did not cite subsection (3)(b) which specifically provides that the required violence may occur "prior to" the taking of the vehicle. In contrast, we think that subsection (3)(b) is determinative of the result.
Affirmed.