PER CURIAM.
The appellant, Pernell Grant, challenges the trial court’s denial of his request to *954 have a confidential expert appointed to determine his competency. The appellant argues, and the State concedes, that appointment of a confidential expert was mandatory because the threshold showing required under Florida Rule of Criminal Procedure 3.216(a) was satisfied. We agree.
In two cases below, the appellant entered pleas of guilty to armed robbery, fleeing or attempting to elude an officer, and possession of a firearm by a convicted felon. Prior to sentencing, the appellant’s attorney filed a motion for the appointment of a confidential expert because she believed the appellant may be incompetent based on a letter he had written. At the time of his motion for a confidential expert, the appellant, an indigent, was represented by court-appointed counsel due to a conflict with the public defender and regional counsel. The trial court denied the motion because it did not include a good faith certificate and proceeded to sentence the appellant.
Rule 3.216(a) provides:
When in any criminal case a defendant is adjudged to be indigent or partially indigent, and is not represented by the public defender or regional counsel, and counsel has reason to believe that the defendant may be incompetent to proceed or that the defendant may have been insane at the time of the offense or probation or community control violation, counsel may so inform the court who shall appoint 1 expert to examine the defendant in order to assist counsel in the preparation of the defense. The expert shall report only to the attorney for the defendant and matters related to the expert shall be deemed to fall under the lawyer-client privilege.
The trial court was required to appoint a confidential expert pursuant to this rule based on the attorney’s belief that the appellant may be incompetent. See State v. Hamilton, 448 So.2d 1007, 1008 (Fla. 1984) (holding that when an appointed attorney advises the trial court that he has reason to believe that his client is incompetent to stand trial and requests the appointment of a defense expert under rule 3.216(a), the threshold requirements of the rule are satisfied, and court-appointment of the expert is mandatory); Price v. State, 816 So.2d 738, 740 (Fla. 3d DCA 2002). Accordingly, the appellant’s sentences are reversed, and the cases are remanded for the appointment of a confidential expert and resentencing. See Ahedo v. State, 842 So.2d 868, 872 (Fla. 2d DCA 2003) (remanding for resentencing upon a misapplication of rule 3.216(a) prior to sentencing).
REVERSED and REMANDED.
PADOVANO, ROBERTS, and CLARK, JJ., concur.