# Third District Court of Appeal

**State of Florida**

Opinion filed February 21, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1108
Lower Tribunal No. 16-2646A
_____

**I.L., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before SALTER, EMAS and FERNANDEZ, JJ.

PER CURIAM.

I.L. appeals the trial court's order finding him delinquent of burglary and criminal mischief,[1] withholding adjudication, and placing him on probation under the supervision of the Department of Juvenile Justice.

We reverse that portion of the order which determined I.L. committed a burglary, as the evidence presented at the adjudicatory hearing was insufficient to establish one of the elements of this offense. Count One of the petition alleged that I.L. committed burglary of a structure in violation of section 810.02(4)(a), Florida Statutes (2016).[2] For purposes of Chapter 810 ("Burglary and Trespass"), the term "structure" is defined in relevant part as follows:

> "Structure" means a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof.

---

[1] I.L. was charged in Count Two with criminal mischief resulting in damage of $1000 or more, in violation of section 806.13(1)(b)3., Florida Statutes (2016), a third-degree felony. At the conclusion of the State's case, the trial court granted a judgment of dismissal of that charge, reducing it to criminal mischief resulting in damage of $200 or less, in violation of section 806.13(1)(b)1., a second-degree misdemeanor.

[2] That statute provides in pertinent part:

> Burglary is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive, and the offender enters or remains in a . . . [s]tructure, and there is not another person in the structure at the time the offender enters or remains . . . .

The evidence presented at the adjudicatory hearing established that the building at issue was under construction and had no roof. Under these circumstances, the trial court erred in denying I.L.'s motion for judgment of dismissal. Based upon the allegations of the petition, the only necessarily lesser-included offense that the trial court could have considered (trespass of a structure, see section 810.08) would also have required proof that the "structure" had a roof over it.[3] We therefore reverse the order finding I.L. delinquent for the offense of burglary and remand with instructions to enter a judgment of dismissal on that charge.

We affirm the trial court's order finding I.L. delinquent for the offense of criminal mischief resulting in damage of $200 or less, as there was competent substantial evidence to support the trial court's determination. See J.Y. v. State, 332 So. 2d 643, 644 (Fla. 3d DCA 1976) (holding: "In examining a record to

---

[3] It is possible that the State could have charged I.L. with trespass on property other than a structure or conveyance, see § 810.09, Fla. Stat. (2016), but it is not a necessarily lesser-included offense of burglary of a structure as charged in the petition under section 810.02(4)(a). As the name implies, trespass on property other than a structure or conveyance does not require, as an element of the offense, proof of a "structure." However (and unlike burglary), it does require, as an element of the offense, proof that notice against entering or remaining on the property was given to the offender either by actual communication to the offender, by posting notices, or by fencing. See § 810.011 (5)-(8), Fla. Stat. (2016). Given that this offense is not a necessarily lesser-included offense of burglary, it would have been improper for the trial court (or this court, upon reversal of the judgment for burglary) to direct entry of judgment for trespass on property other than a structure or conveyance. See State v. Sigler, 967 So. 2d 835 (Fla. 2007); § 924.34, Fla. Stat. (2016).

determine if there is sufficient evidence to support the conclusion of the trier of fact, an appellate court need only find substantial, competent evidence to support the conclusion.")

Because we are reversing one of the two offenses for which I.L. was found delinquent, we also reverse the order placing I.L. on probation, and remand for the trial court to conduct a new disposition hearing. See Stanford v. State, 833 So. 2d 174 (Fla. 3d DCA 2002).

Affirmed in part, reversed in part, and remanded for entry of judgment of dismissal of Count One of the petition and for a new disposition hearing.